Judge Robertson,
delivered the opinion of the Court.
In 1801, Combs and Walker, both of Scott county, entered into an article of agreement, whereby, in consideration of a negro man, and one hundred and a half acres of land, sold by Combs to Walker, the latter agreed to convey to the former, a tract of eighty-five acres, and another of ninety acres; all three of which tracts, are in the said county. It seems that the eighty five acres have been conveyed; that Walker was in the possession of the tract sold to him by Combs, and sold it to others who, or those claiming by purchase from them, have enjoyed the use and possession of it ever since.
Walker agreed that he would not require a deed from Combs, until he (Walker) could make a title to the two tracts, sold to Combs, and that Combs should *324 Jje entitled to as many acres of the one hundred and a half acres, as there should be a deficit in the ninety tract, if there should happen to be any.
Compl’nt’s. bii].
Amended bill,
Decree of the circuit court.
Publication against non resident, for 8 weeks, not sufficient; it should be for two months.
Combs filed his bill in chancery, in 1811, alleging that Walker bad purchased the said ninety acres from Fenwick, and held his bond for a title; that Fenwick held the bond of Martin Nall, the patentee, for a title to him, that no title had ever pas.sed from Nall, and that Walker had failed, and refused to procure the title for him to the ninety acres. Walker, Fenwick and the heirs of Nall are prayed to be made defendants, and the bill prays a specific execution of the contract for the ninety acres, and a compensation for any deficiencr, that might appear in the quantity.
An amendment is afterwards filed, alleging that there were only thirty-eight acres saved of the ninety acre tract, and asking for a recision of the contractor a decree for as much of the ninety acres, as could be conveyed, and for as much of the one hundred and a half acres, as the number of acres deficient, in the ninety acre tract, and John Branham, who is. alleged to bq in possession of the one hundred and a half acres, by purchase from Walker, is rnade a defendant,
Walker dying before he answered, the bill is revived, by bill of revivor against his heirs and personal representatives; some of whom answer and require proof of all the allegations of the complainant, against the others, the bill is taken for confessed,, on a regular publication.
The circuit court decreed a conveyance of the title by Nall’s heirs, for forty-three acres of the ninety acre, tract, (that appearing by a report of the surveyor to, be the quantity remaining) and also decreed an ex-tinguishment of all title, except that of Combs, to forty-seven acres, of the one hundred and a half acre tract, sold by him to Walker, which forty-seven acres, had been designated by commissioners appointed by the court for that purpose.
This case has been very negligently prepared; and the court has fallen into many errors, in its progress. James Nall, one of the heirs of Martin Nall, being a non-resident, an attempt was made to bring him Ee *325 fore the court, by a publication. But the order having been published only eight weeks; he was therefore not regularly a defendant.
Revivor, by an order, not good, unless the decedant had answered There must be bill of revivor and notice.
If a part of the def’ts. require proof of the allegations of a bill, there can be no decree against them, without sufficient proof. A, claiming prior equity, sues B, the holder of legal title; to recover against B, A must prove that B is a purchaser, with notice of his equity.
The only revivor against Fenwick’s heirs, was by order. As Fenwick had not answered in his lifetime, the bill could not be revived against his heirs, without a bill of revivor, and bad the attempt to revive been by bill instead of the order, still the proceeding could not have had the effect of making the heirs defendants, because, as they were non-residents, the publication against them,should have been for two mouths; and the publication of the order of revivor, was for only eight weeks.
The record shews, that the heirs of Thomas Bran-ham, are necessary parties. No attempt was made to make them parties, although a paper is brought into the cause, incidentally', purporting to be the answer of some of them.
For these reasons, as well as others, that may be assigned, the decree is erroneous; and the bills might have been dismissed without prejudice. The case was certainly not prepared for a decree on the merits. And if all necessary parties had been before the court, there could have been no decree for the complainant, consistently with the state of the case on the record.
As apart of Walker’s heirs, require proof of the complainants allegations, there ought to have been no decree, without sufficient proof, even if all the proper parties had been before the court. And there is no proof, except the exhibition of the bond, in the bill.
Whether Combs had ever made a deed for the one hundred and a half acres, does not appear. If he had, and the Branhams had acquired from Walker the agent, title without notice of Combs’equity', there could be no decree to their prejudice. This point however, seems not to have been thought of in the preparation of the case: and is only mentioned now, for the advantage of the parties, in any future contest between them. But it is probable, (hat the title is in Combs.
Before the chancellor will interpose to disturb long enjoyed security of possession, tjie right of compl’nt. to specific execution must {je made out in every particular.
The decree reversed, with directions to give the complainant time to bring the proper parties before the court, and proceed, de novo, or have his bill dismissed without prejudice.
Darby, for plaintiffs.
Under all the facts apparent in the record, whatever may be Combs’ equity against Walker, it should be made, in every particular, indisputable against the others, who are interested, before a decree could be expected, for any portion of the land, sold by Combs to Walker. Because, although Combs may elect to accept a decree, for whatever can be conveyed, of the ninety acre tract, and to ask damages for the deficit, yet as he would, on full proof, have complete remedy at law, for a breach of covenant, it would be more just and equitable, to leave him to his legal redress, than to disturb, on questionable grounds, the long possession of others, and thereby open the door, to further litigation, between those who have reposed in confident security for many years. If Combs could not recover at law, he ought to have no relief in equity. If he could recover at law, he might be freely indemnified. Nevertheless, as against Walker’s heirs, if he can clearly establish, as he must do, the allegations of his bill, he would have a right to relief in chancery. And if he shall also shew, unquestionable equity against the holders of the one hundred and a half acres, and sufficiently prove, a deficiency in the ninety acre tract, pro tanto, he might obtainjrelief specifically, according to his contract.
The decree is reversed, and the cause remanded, with instructions to the circuit court, to make a rule on Combs, that he bring all the proper parties (shewn to be such, in this opinion) before the court, within a reasonable time, to be designated in the rule, and that, if he fail, his bill shall be dismissed, without prejudice. If he shall comply with the rule, then the cause must progress de novo, as on service of process on the original bill, except as to those who were regularly made parties, before the decree was rendered, In reference to them, no new proceeding is required. But in the future progress of the case, they will of course, have all the rights, to which they were entitled before it was heard, and decided by the decree now reversed.
The plaintiffs must recover their costs in this court.